/0ƀd    5078338

CASE NO. _____                    JEFFERSON CIRCUIT COURT
                                                    DIVISION 9

09CI09851  JUDGE _____

ANTHONY G. STEIER                                          PLAINTIFF
4175 Westport Road
Louisville, KY 40207

V.                PETITION FOR DECLARATORY JUDGMENT

MOTORIST MUTUAL INSURANCE COMPANY
471 East Broad Street
Columbus, Ohio 43215-3861

-and-

SERVICE DRYWALL COMPANY INC.
5520 South Harding Street
Indianapolis, IN 46217

-and-

COMMONWEALTH WALLS, INC.                                   DEFENDANT
4175 Westport Road, Suite 100
Louisville, KY 40207
SERVE: William C. Locke, Jr., President
       285 Autumn Glen Drive
       Mt. Washington, KY 40047

**********

Plaintiff, Anthony G. Steier for his petition for declaratory relief against the

Defendants Motorist Mutual Insurance Company ("Motorist"), Service Drywall

Company, Inc. and Commonwealth Walls, Inc. states as follows:

## I. THE PARTIES

(1)   Plaintiff, Anthony G. Steier, is a Kentucky resident and citizen.

(2)   The Defendant Motorist is a corporation present and doing

business in the Commonwealth of Kentucky.

(3) The Defendant Service Drywall Company, Inc. is on information and belief an Indiana Corporation conducting business in the Commonwealth of Kentucky.

(4) The Defendant Commonwealth Walls, Inc. is a Kentucky Corporation which was formally engaged in the business of providing drywall services.

## II. JURISDICTION AND VENUE

(5) This is a an action for declaratory judgment, as an actual controversy exists between Plaintiff and Defendant as to coverage provided under Commercial Liability and Umbrella Policies issued by the Defendant, Policy No. 33.261385-80E for the policy period 7/1/05 to 7/1/06 (the "Policy"). A copy of the Policy is attached hereto as Exhibit A. Plaintiff and Defendant Commonwealth Walls are insureds under the Policy. The amount in controversy exceeds the applicable jurisdictional minimum.

(6) Venue is properly laid in this Court.

## III. FACTUAL BACKGROUND

(7) On or about August 1, 2006 Service Drywall Co., Inc. filed in the U.S. District Court for the Western District of Kentucky, Case No. 06-CV-372-S, an action styled <u>Service Drywall Company, Inc. vs. Commonwealth Walls, Inc. and William C. Locke, Jr. a/k/a Clay Locke and Anthony G. Steier</u> (the "Action"). A copy of the Complaint is attached as Exhibit B.

(8) The Action alleges in part that Defendants Steier and Commonwealth Walls engaged in acts of unfair competition against the Plaintiff Service Drywall.

(9) Steier, as an insured under the Policy, requested defense and indemnity from Motorists for the Action.

(10) On September 8, 2006, the Defendant Motorists wrote to the Plaintiff Steier stating that the Policy did not cover punitive damages and stating that "any judicial finding of legal liability or settlement of the claim not covered by your policy remains your responsibility." See Exhibit C.

(11) On October 22, 2007, Motorists sent a second letter to Mr. Steier indicating that the Policy did not cover intentional conduct. See Exhibit D.

(12) Motorists' position was repeated in a letter dated June 25, 2008. See Exhibit E.

(13) On February 12, 2009, Motorists indicated that it would provide coverage for unfair competition. See Exhibit F.

(14) The Service Drywall case was tried to a jury and in September 2009 a jury verdict was returned against Mr. Steier and Commonwealth Walls in favor of Service Drywall as reflected in Exhibit G.

(15) The jury determined that Steier and Commonwealth Walls by their actions had diverted resources from Service Drywall to Commonwealth Walls - the essence of unfair competition. See Exhibit H.

## IV. CLAIMS

(16) As a result of the foregoing, a true controversy exists between the parties and this Court should determine and declare the rights and duties of the parties and make a binding declaration that the Defendant Motorists has a duty to provide full coverage, including defense and full indemnity, as to the Action on behalf of Steier.

WHEREFORE, the Plaintiff Anthony G. Steier demands as follows:

1. A determination that there is full coverage available to the Plaintiff as a result of the claims brought in the Action and that Defendant Motorists is required to pay any damages awarded in the Action against the Plaintiff Steier and to provide a defense to the Plaintiff Steier.

2. A trial by jury.

3. His costs herein expended including reasonable attorneys fees and any other appropriate relief to which it may appear entitled.

Donald L. Cox
LYNCH, COX, GILMAN & GOODMAN, P.S.C.
500 W. Jefferson Street, Suite 2100
Louisville, Kentucky 40202
Phone (502) 589-4215
Fax (502) 589-4994
Attorney for Plaintiff

P:\106369 - Steier v. Service Drywall\Pleadings\complaint 9.22.09.doc

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SERVICE DRYWALL COMPANY, INC.                              PLAINTIFF

v.                                            CIVIL ACTION NO. 3:06CV-372-S

COMMONWEALTH WALLS, INC., et al                            DEFENDANTS

## JUDGMENT

This action came before the court for a trial by jury August 31 and September 1, 2, 3, 4, and 8, 2009. The issues have been tried and the jury has rendered its verdict which is filed of record.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.  The jury found in favor of Service Drywall Company, Inc. an against William C. Locke, Jr. on the claim of breach of fiduciary duty and awarded compensatory damages of $240,000.00. Judgment is entered in favor of Service Drywall Company, Inc. an against William C. Locke, Jr. in the amount of $240,000.00.

2.  The jury found in favor of Service Drywall Company, Inc. and against Anthony G. Steier on the claim of aiding and abetting a breach of fiduciary duty and awarded compensatory damages of $160,000.00. Judgment is entered in favor of Service Drywall Company, Inc. and against Anthony G. Steier in the amount of $160,000.00.

3.  The jury found in favor of Service Drywall Company, Inc. and against William C. Locke, Jr. on the claims of interference with one or more contracts and interference with one or more prospective business relationships or reasonable expectancies of business relationships and awarded

compensatory damages of $120,000.00. Judgment is entered in favor of Service Drywall Company, Inc. and against William C. Locke, Jr. in the amount of $120,000.00.

4. The jury found in favor of Service Drywall Company, Inc. and against Anthony G. Steier on the claims of interference with one or more contracts and interference with one or more prospective business relationships or reasonable expectancies of business relationships and awarded compensatory damages of $60,000.00. Judgment is entered in favor of Service Drywall, Inc. and against Anthony G. Steier in the amount of $60,000.00.

5. The jury found in favor of Service Drywall Company, Inc. and against Commonwealth Walls, Inc. on the claims of interference with one or more contracts and interference with one or more prospective business relationships or reasonable expectancies of business relationships and awarded compensatory damages of $20,000.00. Judgment is entered in favor of Service Drywall Company, Inc. and against Commonwealth Walls, Inc. in the amount of $20,000.00.

6. The jury found that punitive damages should be awarded against William C. Locke, Jr. in the amount of $120,000.00. Judgment for punitive damages is entered in favor of Service Drywall Company, Inc. and against William C. Locke, Jr. in the amount of $120,000.00.

7. The jury found that punitive damages should be awarded against Anthony G. Steier in the amount of $60,000.00. Judgment for punitive damages is entered in favor of Service Drywall Company, Inc. and against Anthony G. Steier in the amount of $60,000.00.

8. The jury found that punitive damages should be awarded against Commonwealth Walls, Inc. in the amount of $20,000.00. Judgment for punitive damages is entered in favor of Service Drywall Company, Inc. and against Commonwealth Walls, Inc. in the amount of $20,000.00.

- 2 -

Case 3:06-cv-00372-CRS    Document 120    Filed 09/25/2009    Page 3 of 3

The jury was dismissed, without objection. There being no just cause for delay, this is a final judgment.

DATED: September 23, 2009

Charles R. Simpson III, Judge
United States District Court

cc:   Counsel of Record

- 3 -